

**Andrew R. Spector, Partner**
Admitted in Florida, New York and Texas

Direct phone: 305.537.2002
Direct fax: 305.537.2001
andrew.spector@spectorrubin.com

November 5, 2019

**VIA ECF:**
Honorable Paul G. Gardephe
United States District Court
40 Foley Square, Courtroom 705
New York, New York 10007

    Re:    *Flexport, Inc. v. Western Global Airlines, LLC*
            *U.S. District Court Southern District of New York*
            *Civil Case Number: 19-cv-06383-PGG*

Dear Judge Gardephe,

      As counsel for Flexport, Inc. (hereinafter "Flexport") we are in receipt of response correspondence from Western Global Airlines, LLC (hereinafter "WGA") submitted to the court (DE #19) yesterday. Based upon the position and comments made by counsel for WGA we briefly and respectfully reply to the correspondence of Mr. Wissner-Gross to address several mischaracterizations and inaccuracies. In utmost good faith, Flexport respectfully requested a referral under Local Civil Rule 83.9 as a practical consideration.

      Flexport raised the issue to WGA that perhaps it would make sense to proceed with the excellent program provided by the Southern District of New York as per Local Civil Rule 83.9 (Alternative Dispute Resolution). The undersigned has had very positive experiences with this program that provides litigants the opportunity to resolve or narrow disputes in the courthouse. The program has no cost and the gravitas and seriousness associated with both the Courthouse and the Judges place the parties to any settlement conference in an environment of seriousness that often results in resolution of litigation. Flexport would have of course preferred to obtain the agreement and consent of WGA but unfortunately, WGA would not consent. Accordingly, simply Flexport presented its position to the court.

      It is not our purpose to detail line by line the inaccurate statement of counsel or respond to personal attacks, but we do feel it is necessary to highlight to the court the following:

- Contrary to the statements of WGA's counsel the parties did conduct a Rule 16 scheduling conference (DE #16) and submitted the joint report to the court.

- There are issues and claims in the instant proceeding that are distinct – thus ADR before the Court could offer a global resolution in a way that AAA ordered mediation may not.

Honorable Paul G. Gardephe<br>
United States District Court<br>
November 5, 2019<br>
Page 2

- Flexport did disclose to this court that AAA did indeed direct the parties to mediate before December 20th, 2019.

- The arbitrator is addressing issues concerning whether or when the matter will proceed before AAA and has not yet issued a scheduling order for the case to proceed on the merits. This is contrary to WGA's own immaterial and misleading statement that it requested a final arbitration by the Spring of 2020 something that Flexport has noted is unrealistic given the procedural status of the case and the fact that discovery procedures have not even yet been addressed let alone agreed to or conducted. Rather, the arbitrator issued a briefing schedule to address the issues which directly raised whether the arbitrator should exercise discretion and provide deference to the court.

- The position of WGA that Flexport is somehow seeking an "end run" around the arbitrator order for mediation is groundless as Flexport disclosed to this court that AAA did direct the parties to mediate before December 20th, 2019. The simple fact is the arbitrator cannot order mediation or a settlement conference under Local Civil Rule 83.9 and this court can.

- The sum and substance of the parties' disagreement with respect to arbitration versus litigation will be thoroughly briefed before both tribunals.

Thank you for your consideration of the foregoing.

Respectfully submitted,

SPECTOR RUBIN, P.A.

*Andrew Spector*

Andrew R. Spector

ARS/ir
cc:  Sigmund Wissner-Gross (SWissner-Gross@brownrudnick.com)
     Daniel Kerns (dkerns@brownrudnick.com)
     Robert Borak (robert.borak@spectorrubin.com)